UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAILEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 24 CDP |
| ) | |
| BRIDGETON LANDFILL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for leave to amend complaint, to remand, to stay pending discovery or alternatively, motion to amend the case management order. ECF No. 123. Three of the defendants have also filed a joint motion to prevent and enjoin plaintiffs from using information and materials plaintiffs withheld until late in the discovery period. ECF No. 142. The Court also recognizes that the dispositive motion deadline for the initial phase of discovery in this matter is Monday, June 11, 2018.

Plaintiffs brought this suit for damages and injunctive relief from alleged radioactive contamination of their home caused by neighboring West Lake Landfill against defendant Landfill owners and operators, and defendant waste generators and disposers. Their complaint is brought under the Price-Anderson Act (PAA) as amended in 1988, 42 U.S.C. § 2210, *et seq.*, which provides a federal compensation regime for damages resulting from a nuclear incident. Plaintiffs

now seek leave to amend their complaint, arguing that the PAA is not applicable here and therefore this Court lacks subject-matter jurisdiction. Defendants oppose amendment of the complaint, remand, and a stay of discovery deadlines outlined in the Court's Initial Case Management Order (ECF No. 102) and amended deadlines established in the Amended Case Management Order (ECF No. 119). However, as of this date, all discovery deadlines have passed. The only future case management order deadlines concern the filing of dispositive motions regarding issues relevant to the initial phase of discovery.

The Court needs to rule plaintiffs' motion to amend and remand in order to determine the operative claims in this matter and whether this Court has subject-matter jurisdiction. The Court recognizes the parties' desire for this matter to proceed; however, these are complex issues that the Court needs to closely scrutinize. Federal court opinions examining issues of jurisdiction under the PAA have resulted in different interpretations. *See Strong v. Republic Servs., Inc.*, 283 F.Supp.3d 759, 767-72 (E.D. Mo. 2017) (discussing cases representing the "conflicting interpretations of the PAA" in determining whether a federal court has subject-matter jurisdiction). In the interest of saving the parties the time and costs of preparing dispositive motion arguments that could potentially be irrelevant after the Court rules pending motions, I will stay future case management order deadlines until further order from the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to amend, to remand, and to stay [#123] is GRANTED ONLY with respect to a STAY of future Amended Case Management Order (ECF No. 119) deadlines, and is HELD IN ABEYANCE with respect to leave to amend, remand, and alternatively, amendment of the case management order. Once the Court has ruled pending motions, a new schedule shall be established for this matter, if necessary.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2018.