UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAILEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 24 CDP |
| | ) | |
| BRIDGETON LANDFILL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Husband and wife plaintiffs, Michael and Robbin Dailey, seek damages and injunctive relief for radioactive contamination of their home allegedly caused by neighboring West Lake Landfill, located in North St. Louis County, Missouri. The Daileys assert that their property has been damaged by soil, dust, and air contamination from improper generation, handling, storage, and disposal of radioactive materials by several corporate defendants. The defendants consist of landfill owners and operators, and radioactive waste generators and disposers.

The Daileys originally filed this suit in St. Louis County Circuit Court, pleading various state-law tort theories. Defendants removed the action to this Court arguing that the allegations arise under federal law – specifically the Price-Anderson Act (PAA) as amended in 1988, 42 U.S.C. §§ 2210, *et seq.* – which provides a federal compensation regime for damages resulting from a nuclear

incident. After removal, the Daileys filed a motion to remand but later withdrew it and filed a First Amended Complaint with an explicitly-pled PAA claim and various state-law tort claims. On defendants' motions, I held that the pled PAA claim preempted all of the Daileys' state-law claims, and I dismissed the state-law claims. Accordingly, the only claim remaining in this action was, and continues to be, the singly-pled PAA claim.[1]

Now before the Court is the Daileys' several-layered Motion for Leave to Amend Complaint to Dismiss Price-Anderson Act Claims and Reinstate State Law Claims, Motion to Remand, and Alternative Motion to Amend Case Management Order.[2] In their motion to amend and to remand, the Daileys argue that the PAA does not apply to the circumstances in this case. They request that they be permitted to file a Second Amended Complaint that would eliminate the PAA claim and reinstate their state-law claims. The Daileys argue that without the PAA claim, this Court would lack subject-matter jurisdiction, thereby requiring remand to state court.

In opposition, defendants contend that the Daileys should be made to proceed with their PAA claim as pled given the lengthy and involved procedural history of the case. While I agree that there has been considerable time and effort

---

[1] The Daileys have since dismissed this remaining claim against defendant Mallinckrodt LLC, and Mallinckrodt is no longer a defendant in the case.

[2] I already granted the Daileys' additional request to stay future case management deadlines. (Memo. & Order, ECF 149.)

expended in this case, it is well understood that plaintiffs are the masters of their complaint. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22 (1913). I cannot force the Daileys to proceed on a claim they think is not viable or appropriate. But I question the propriety of "amending" the operative complaint to omit the only claim that remains pending and over which the Court has subject-matter jurisdiction – this essentially amounts to a dismissal. To the extent the Daileys express their intent to resurrect their previously-dismissed state law claims and pursue them in state court, this objective can be met by refiling their state claims in state court upon the dismissal of this action without prejudice.[3]

To further add to the procedural confusion, I note that the Daileys did not submit a proposed amended complaint with their motion to amend. Although the Daileys argue that the submission of a proposed amended complaint is not necessary here because all they seek to do is dismiss their PAA claim and reinstate their state-law claims, the Eighth Circuit has stated quite clearly that "granting leave to amend a complaint where the plaintiff has not submitted a proposed amended complaint is inappropriate." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). I consider it even more inappropriate to grant a motion to remand based on an unfiled complaint, which the Daileys also ask me to do. On this basis, therefore, I will deny the motion to amend and to remand.

---

[3] I dismissed the state-law claims because they were preempted by the pled PAA claim. (Memo. & Order, ECF 89.)

In light of the procedural status of this case and the considerations set out above, I will give the Daileys twenty days to do one of two things: either 1) file a motion to dismiss this case without prejudice under Fed. R. Civ. P. 41(a)(2); or 2) file a renewed motion for leave to file a Second Amended Complaint, accompanied by the proposed amended complaint. No motion for remand shall be filed at this time.

Given the present uncertainty of whether and/or how this case will proceed, I will deny without prejudice the Daileys' alternative motion to amend the case management order. However, as previously ordered, the case management deadlines imposed in this case remain stayed. Because of this continued stay, I will deny as moot defendants' motion to prevent plaintiffs from using material and information submitted late in the discovery period. With all discovery and other deadlines suspended, defendants are no longer prejudiced by "time-sensitive" issues allegedly caused by the claimed late disclosure and production.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to amend and to remand, or to amend case management order [123] is denied without prejudice. Defendants' motion to prevent plaintiffs from using material and information [142] is denied as moot.

**IT IS FURTHER ORDERED** that not later than **April 29, 2019**,

plaintiffs shall file either: 1) a motion to dismiss this case without prejudice under Fed. R. Civ. P. 41(a)(2); or 2) a renewed motion for leave to file a Second Amended Complaint, accompanied by the proposed amended complaint. The Federal Rules of Civil Procedure and the Local Rules of this Court govern the time to file any responses and/or replies to plaintiffs' motion.

**IT IS FURTHER ORDERED** that defendants' Motion for Oral Argument [151] is denied. The parties thus far have clearly and articulately presented their respective arguments in their prepared briefs. If I determine that oral argument is necessary to assist in my consideration of plaintiffs' anticipated motion to dismiss or to amend, I will not hesitate to schedule a hearing.

**IT IS FURTHER ORDERED** that the case management deadlines in this case remain stayed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2019.