UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAILEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 24 CDP |
| | ) | |
| BRIDGETON LANDFILL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

After filing their second amended complaint in this removed case, plaintiffs

Michael and Robbin Dailey move to remand this action to state court for lack of

federal subject-matter jurisdiction. Because this Court neither currently has nor

ever had subject-matter jurisdiction over this action, I will remand the case to state

court under 28 U.S.C. § 1447(c).

### Background

Husband and wife plaintiffs, Michael and Robbin Dailey, seek damages and

injunctive relief for radioactive contamination of their home allegedly caused by

neighboring West Lake Landfill, located in North St. Louis County, Missouri. The

Daileys assert that their property has been damaged by soil, dust, and air

contamination from improper generation, handling, storage, and disposal of

radioactive materials by several corporate defendants.[1]  The remaining defendants in this action are the owners and operators of the Landfill – namely Bridgeton Landfill, LLC; Republic Services, Inc.; Allied Services, LLC; and Rock Road Industries, Inc. (collectively, "the Landfill Defendants") – as well as a waste generator and disposer, Cotter Corporation.

The Daileys originally filed this suit in St. Louis County Circuit Court in November 2016, pleading state-law claims of trespass, permanent nuisance, temporary nuisance, negligence, negligence per se, strict liability, and medical monitoring.  On January 6, 2017, defendants invoked federal-question jurisdiction under 28 U.S.C. § 1331 and removed the action to this Court, arguing that the allegations in the state-court petition arise under federal law – specifically the Price-Anderson Act (PAA) as amended in 1988, 42 U.S.C. §§ 2010, *et seq.*, which provides a federal compensation regime for damages resulting from a nuclear incident; and the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601, *et seq.*, which established a federal "Superfund" to clean up uncontrolled or abandoned hazardous-waste sites, and provides for liability of persons responsible for releases of hazardous waste at these sites.

---

[1] The detailed history of the events and circumstances that allegedly caused this radioactive contamination is set out in my Memorandum and Order entered October 27, 2017, and is incorporated herein.  (*See* ECF 89 at pp. 3-5.)

Shortly after removal, defendants moved to dismiss the case, arguing, first, that the PAA preempted the Daileys' state-law claims and, second, that the petition failed to state a PAA claim because it failed to allege an essential element, that is, that the Daileys were exposed to radiation in excess of federal dose limits.[2]  Before responding to the motions to dismiss, the Daileys moved to remand the case to state court, arguing that their petition did not plead any federal claims, that the PAA did not apply to the claims, and that no "nuclear incident" (which is required for a PAA claim) was pled or could be inferred from the petition's factual averments.

After the motion to remand was fully briefed, the Daileys abruptly withdrew the motion without explanation.  Thereafter, in lieu of a response to defendants' pending motions to dismiss, the Daileys filed an amended complaint (with defendants' consent), which restated the factual averments nearly verbatim from their original state-court petition.  In an apparent nod to defendants' motions to dismiss, however, the Daileys added a new factual allegation that the radioactive material contaminated their property at specific dosage levels greater than what relevant federal safety regulations allowed.  Accordingly, in addition to state-law claims of nuisance and strict liability for abnormally dangerous activity, the Daileys added a separate and distinct claim for relief under the PAA, that is, that

---

[2] Although defendants invoked CERCLA as a basis for removal, none of the defendants addressed CERCLA in their motions to dismiss.

defendants' conduct caused a "nuclear incident" or a series of "nuclear incidents" under the PAA, thus making this a "'public liability action' arising under 42 U.S.C. § 2210 asserting legal liability resulting from a 'nuclear incident[.]'" (ECF 70 at ¶ 105.)

On defendants' renewed motions to dismiss the amended complaint, I dismissed the Daileys' state-law claims as being preempted by the explicitly pled PAA claim. To the extent defendants argued that the PAA claim failed on its face as well because it did not adequately allege exposure to radiation in excess of the relevant federal standards, I determined that the federal dose limit did not appear to apply to the claim raised here, that is, "a property damage claim against a non-NRC[3] licensed facility." (ECF 89 at p. 19.) On this basis, I allowed the Daileys' PAA-captioned claim to proceed.

In the meanwhile, another judge of this Court determined that the "nuclear incidents" to which the PAA applies are only those occurrences involving NRC licensees or those with an indemnity agreement as described in the statute. *See generally Strong v. Republic Servs., Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017). Where neither an NRC licensee nor an indemnity agreement is involved, there can be no "nuclear incident" under the PAA and thus no federal subject-matter jurisdiction under the PAA. *Id.*

---

[3] Nuclear Regulatory Commission.

In both their state-court petition and amended complaint, the Daileys made the factual averment that the Landfill was not a licensed nuclear facility. And in their amended complaint, they alleged that Cotter did not hold the required license to transport radioactive waste to the Landfill. Moreover, the Daileys never alleged at any time that any defendant operated under an indemnity agreement as contemplated by the PAA.

After the Court's determination in *Strong*, the Daileys moved to amend their complaint again, seeking to eliminate the PAA claim first asserted in their amended complaint and to reinstate their state-law claims as originally pled in their state-court petition. In support of their motion to amend, the Daileys argued that the PAA never applied to this action from the outset because defendants never possessed the appropriate federal license or indemnity agreement needed to trigger the PAA. I granted leave to file this second amended complaint on October 22, 2019.

The second amended complaint tracks the factual averments and allegations made in the original state-court petition, expands the explanation regarding the mill tailings Cotter allegedly transported to and disposed of at the Landfill, and omits the first amended complaint's allegations regarding levels of contamination meeting federal standards. The claims for relief are those set out in the original petition, namely, state-law claims of trespass, permanent nuisance, temporary

nuisance, negligence, negligence per se, strict liability/absolute liability, injunctive relief (medical monitoring), and punitive damages. And the second amended complaint goes to great lengths to disavow any connection to federal law, explicitly stating that the claims are not within the scope of the PAA given defendants' lack of a required license and the absence of an indemnification agreement, as well as the exclusion of mill tailings as covered substances under the PAA or the Atomic Energy Act during the relevant period.

The Daileys now move to remand the action to state court, arguing that this Court lacks federal subject-matter jurisdiction.

## Discussion

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

A federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). For actions removed on the basis of federal-question jurisdiction, "[t]he presence or absence of [such] jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense[.]" *Id.* at 393 (emphasis in *Caterpillar*).

The party invoking removal jurisdiction and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *Kokkonen*, 511 U.S. at 377; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Generally, a court must resolve all doubts about federal jurisdiction in favor of remand to state court. *In re Prempro*, 591 F.3d at 620. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A.     No Federal-Question Jurisdiction Under the PAA

Several judges in this Court, including me, have held that a "nuclear incident" under the PAA requires that the alleged unlawful conduct must have arisen from NRC-licensed activities or under a contract with the Department of Energy (DOE) with agreements of indemnification. *Strong v. Republic Servs., Inc.*, 283 F. Supp. 3d 759, 772 (E.D. Mo. 2017); *Kitchin v. Bridgeton Landfill, LLC*, 389 F. Supp. 3d 600, 612-13 (E.D. Mo. 2019); *Banks v. Cotter Corp.*, No. 4:18-CV-00624 JAR, 2019 WL 1426259, at *6 (E.D. Mo. Mar. 29, 2019). As the reasoning in those cases explains, there cannot be a nuclear incident under the

PAA without an applicable NRC license or DOE indemnity agreement.[4]

None of the defendants here is an indemnitee or licensee as contemplated under the PAA, and their alleged conduct does not arise from NRC-licensed activity or under a DOE contract with indemnification. The Daileys have never alleged such jurisdictional facts, either in state court or here, and indeed have consistently pled facts that preclude application of the PAA. With the absence of these PAA-required jurisdictional facts, federal subject-matter jurisdiction under the PAA never existed from the outset.

Attaching a PAA moniker to the first amended complaint did not change this circumstance. A complaint cannot be amended to produce federal jurisdiction where none actually existed before. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-32 (1989). And the mere assertion of a federal claim where there is an actual lack of required jurisdictional facts cannot confer federal subject-matter jurisdiction over the action. *Id.* (a district court cannot remedy defective jurisdictional facts); *CU Capital Mkt. Solutions., LLC v. Olden Lane Sec., LLC*, No. 18-2597-DDC-KGG, 2019 WL 2612940, at *7-8 (D. Kan. June 26, 2019). *See also GenoSource, LLC v. Inguran, LLC*, No. 18-CV-113-CJW-KEM, 2019 WL 2041661, at *3 (N.D. Iowa Apr. 11, 2019) (amended complaint does not allege

---

[4] Defendants argue that these cases were wrongly decided, but I do not agree. I continue to believe the cases are correct so I will not reconsider their reasoning, which I fully adopt for this case.

facts that would give rise to federal-question jurisdiction regardless of whether plaintiff asserted it).  Therefore, regardless of the specifically-pled PAA claim, the amended complaint could not and did not cure the lack of federal subject-matter jurisdiction over this action.

Required jurisdictional facts for a PAA claim – that the alleged unlawful conduct arose from either NRC-licensed activities or a DOE contract with indemnification – never existed in this action.  Accordingly, the PAA never applied to the Daileys' claims.  *Kitchin*, 389 F. Supp. 3d at 612-13; *Strong* 283 F. Supp. 3d at 772; *Banks*, 2019 WL 1426259, at *6.

Defendant Cotter Corporation argues, however, that it handled, processed, and transported the radioactive wastes to the Landfill pursuant to a Source Material License issued to it by the Atomic Energy Commission (AEC) (now licensed by the NRC) in 1969.  Cotter contends that, therefore, to the extent a license is required for exclusive federal jurisdiction under the PAA, the Daileys' claims involve radioactive materials that were handled and disposed of by an AEC licensee, making the licensed activity inextricably part of the claims and thus within the PAA.  I disagree.

Cotter's 1969 Source Material License authorized it to "receive, possess and import the source material [uranium]; to use such material for the purpose(s) and at the place(s) designated [9200 Latty Avenue, Hazelwood, Missouri]; and to deliver

or transfer such material to persons authorized to receive it[.]" (ECF 64-5, Feingold Decl., Exh. D.) As alleged by the Daileys throughout this litigation, their damages do not arise from the use of the radioactive material at the Latty Site, but rather from the Landfill Defendants' unauthorized receipt of the material and their unauthorized use of the material at an unauthorized site, the Landfill. Cotter's Source Material License did not cover its delivery or transfer of the material to such unauthorized entities. Nor did it cover the Landfill Defendants' activities at the Landfill. Cotter's license therefore does not provide a basis for federal subject-matter jurisdiction under the PAA. *See Kitchin*, 389 F. Supp. 3d at 613; *Banks*, 2019 WL 1426259, at *9.

Somewhat incongruously, Cotter also argues that it did not need a license to transport the radioactive material at issue in this case because the quantities of such material it deposited at the Landfill were "unimportant" under 42 U.S.C. § 2092.[5] An "unimportant" quantity of source material for which persons are exempt from federal regulatory licensing is that which is "by weight less than one-twentieth of 1 percent (0.05 percent) of the mixture, compound, solution or alloy." 10 C.F.R. §

---

[5] Section 2092 provides:

> Unless authorized by a general or specific license issued by the Commission, which the Commission is authorized to issue, no person may transfer or receive in interstate commerce, transfer, deliver, receive possession of or title to, or import into or export from the United States any source material after removal from its place of deposit in nature, except that licenses shall not be required for quantities of source material which, in the opinion of the Commission, are unimportant.

40.13(a).  Referring to a "Remedial Investigation Addendum, West Lake Landfill,"

Cotter avers that the level of source material in the soil mixture it delivered to the

Landfill was less than the 0.05 percent required for federal licensing.  (ECF 180 at

p. 13.)  Assuming arguendo that Cotter was indeed exempt from federal licensing

requirements for the conduct alleged here, the lack of a license removes the alleged

conduct from PAA governance and exclusive federal jurisdiction given that NRC

licensing or a DOE indemnification agreement is required to invoke the PAA and

federal jurisdiction.  Cotter's defense does not provide federal subject-matter

jurisdiction over this action.

None of the defendants in this action is an indemnitee or licensee as

contemplated under the PAA, and their alleged conduct does not arise from NRC-

licensed activity or under a DOE contract with indemnification.  The PAA

therefore does not apply to the Daileys' claims.

B.    No Federal-Question Jurisdiction Under CERCLA

In their removal petition, defendants asserted that the injunctive relief sought

in the Daileys' state-court petition constituted a CERCLA challenge because such

relief would interfere with the EPA's remediation plans at the federal Superfund

site.  They further argued that because the Daileys allege that the Landfill is the

source of the radioactive contamination found on their properties, and the Landfill

is a federal Superfund site over which the EPA has exclusive jurisdiction, then the

EPA likewise has exclusive jurisdiction over their property under CERCLA.

Nothing in the Daileys' original state-court petition or amended complaints shows that they are requesting relief that would interfere with the EPA's remediation plans. Although the Daileys refer to the Landfill as a Superfund site, they do not expressly challenge the effectiveness of the Landfill remedy, request modification of the remedial plan, or seek specific action that could conflict with the remediation process. And defendants offer no explanation as to how the requested relief would alter EPA's plans in a way that is somehow inconsistent with any particular federal obligation or requirement. The Daileys do not cite CERCLA as a basis for their claims; nor do they seek reimbursement of response costs or any other form of relief available under its provisions. Nor does CERCLA completely preempt the Daileys' claims or otherwise foreclose them from relying on common law theories for the relief they seek. *See Kitchin*, 389 F. Supp. 3d at 614-15.

Defendants' argument that the EPA has exclusive jurisdiction over the Landfill Superfund site and thus over any private property that is contaminated with hazardous substances from the Superfund site was squarely rejected in *Kitchin*, and I reject it here for the same reasons. 389 F. Supp. 3d at 614-15.

Finally, to the extent defendants contend that the EPA nevertheless has exclusive jurisdiction over the Landfill Superfund site, nothing in the Daileys'

allegations raised throughout this litigation shows that they seek relief that would require defendants to take action that would overlap with, alter, or contradict any EPA remedy that is being reviewed and/or or taken at the site under CERCLA. The Daileys' claims do nothing to take away from the EPA's jurisdiction over the Superfund site. And CERCLA does not completely preempt state tort liability for damages caused by the release of hazardous substances. The causes of action the Daileys pursue do not necessarily depend on resolution of substantial questions regarding response-cost liabilities or other obligations imposed by CERCLA. Nor have defendants demonstrated that the Daileys are making a CERCLA challenge by requesting relief that would interfere with the EPA's remediation plans. *See Kitchin*, 389 F. Supp. 3d at 614-15, and cases cited therein.

Throughout this litigation, the Daileys never raised any actually disputed and/or substantial issues arising under CERCLA. I therefore reject defendants' contention that CERCLA provides a basis for federal subject-matter jurisdiction over this cause of action. I will not further address the CERCLA argument raised in defendants' response to the Daileys' pending motion to remand (ECF 181 at p. 8 n.3), given that it was mentioned only by way of a footnote. *See Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.4 (8th Cir. 2011).

## Conclusion

I do not have federal-question jurisdiction over this action under either the

PAA or CERCLA. And defendants provide no other argument or evidence establishing any other basis for federal subject-matter jurisdiction. Accordingly, the case shall be remanded to state court. 28 U.S.C. § 1447(c). In light of this determination, I need not address the Daileys' argument that applying the PAA to their claims would deprive them of due process. Further, because this remand order is based on § 1447(c) for lack of subject-matter jurisdiction, the court of appeals would lack jurisdiction to review it. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000); 28 U.S.C. § 1447(d). I will therefore deny defendants' request that I certify the order for interlocutory appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Michael and Robbin Daileys' Motion to Remand [174] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed. All other motions that remain pending in this action are reserved for ruling by that court.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 23rd day of March, 2020.